IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY D. BROWN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:18-CV-0190-BH |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | Consent[1] |

### MEMORANDUM OPINION AND ORDER

Before the Court is the *Petition for Attorney Fee Pursuant to § 206(b)(1)*, filed December 4, 2020 (doc. 34). Based on the relevant filings and applicable law, the motion is **GRANTED**.

### I.  BACKGROUND

On January 25, 2018, Gregory D. Brown (Plaintiff) filed a complaint seeking reversal and remand of the decision by the Commissioner of Social Security (Commissioner) to deny his claims for disability insurance benefits under the Social Security Act.  (doc. 1.)[2]  On March 22, 2019, the Commissioner's decision was reversed, and the case was remanded for further proceedings. (docs. 25, 26.)  After receiving an extension of time, Plaintiff moved for and was awarded attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $7,657.33.  (docs. 27-29, 33.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits. (docs. 34 at 1, 5; 34-1.)  As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) of the Social Security Act to pay his attorney the amount of $17,808.50,

---

[1] By *Order* filed May 14, 2018, this matter was transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

which represents 25% of the past-due benefits he received.[3] (docs. 34 at 1, 5-6; 34-1 at 3; 34-2.) The Commissioner "declines to assert a position" regarding the request for fees. (doc. 37 at 1.)

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A).[4] While § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," agreements that provide for fees exceeding 25 percent of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, however, "§ 406(b) calls for court review of such arrangements as an

---

[3] According to the Notice of Award (NOA), the Social Security Administration will "usually withhold 25 percent of past due benefits in order to pay the approved representative's fee," and it withheld $17,808.50 from Plaintiff's past due benefits to pay his representative. (doc. 34-1 at 3.) The Commissioner does not dispute this amount. (doc. 37 at 4.)

[4] The Supreme Court recently clarified that this 25 percent cap only applies to fees for court representation and does not include fees awarded under § 406(a) for agency representation. *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)").

2

independent check, to assure that they yield reasonable results in particular cases." *Id.*[5]

### A. <u>Timeliness</u>

The Commissioner appears to raise the issue of whether the motion for fees is untimely. (*See* doc. 37 at 7.)

While § 406(b) itself does not contain a specific time period for the filing of a request for attorney's fees, the Fifth Circuit has suggested that a motion for attorney's fees under § 406(b) should be filed within 14 days of the entry of final judgment, as required by Federal Rule of Civil Procedure 54(d)(2). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006) (noting that Rule 54(d) (2)(B) provides for a 14–day period for requesting attorney's fees "[u]nless otherwise provided by statute or order of the court" and finding abuse of discretion where district court dismissed applications as untimely without first imposing a deadline to re-file plaintiff's premature attorney's fees applications). The court recognized, however, that when a case is remanded back to the Commissioner for further proceedings, the outcome of those proceedings is unknown, and therefore it would be premature for a plaintiff to request attorney's fees within 14 days of the entry of judgment. *Foster v. Astrue*, No. CIV.A. H-09-173, 2011 WL 4479087, at *1 (S.D. Tex. Sept. 6, 2011) (citing *id.*); *Wilcox v. Astrue*, No. CIV.A. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). The better course of action therefore is to file the motion in a timely manner after the award of benefits. *Foster*, 2011 WL 4479087, at *1 (citing *Pierce*, 440 F.3d 657); *see also Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *3 (S.D. Tex. Oct. 12, 2017) ("The deadline will not be extended indefinitely,

---

[5]As noted, the Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request. (doc. 37 at 1.) The Fifth Circuit has observed that the Commissioner has no direct financial stake in the fee determination; rather, his role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Questioning the reasonableness of the fees sought appears consistent with this role.

however, and the fee request must be made within 'a reasonable time.'") (collecting cases).[6]

Here, Plaintiff moved for and received additional time to file an application for attorney's fees under § 406(b), "until after conclusion of the administrative proceedings, including the determination of the administrative fee in this case." (docs. 27, 28.) He contends that the Social Security Administration issued the notice of award on July 5, 2020, but inadvertently sent it to his attorney's prior address, so his attorney did not receive a copy until November 20, 2020. (*See* docs. 38 at 2; 38-1.) His attorney then moved for attorney's fees on December 4, 2020, within fourteen days. (doc. 34.)

Even though the motion for attorney's fees was filed five months after the notice of award, the delay occurred because the Social Security Administration mailed the notice to an old address for counsel. *See Cromeens v. Saul*, No. 3:17-CV-2114-G-BH, 2020 WL 7345676, at *3 (N.D. Tex. Nov. 13, 2020), *adopted by* 2020 WL 7344176 (N.D. Tex. Dec. 14, 2020) (citing *Russell W. v. Comm'r of Soc. Sec.*, No. 7:16-CV-00008 (MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (declining "to deny [the] [p]laintiff's motion on the basis of untimeliness" because the three-month delay in filing for attorney's fees was due to counsel not receiving an initial copy of the notice of award) and *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *3 (S.D. Miss. Feb. 23, 2016) (finding that an eight month delay was not untimely and "granting the award would not prejudice the claimant, but denying the award would eliminate a benefit due [the] [p]laintiff's counsel under the contract.")). Because Plaintiff's counsel did not receive a copy of the notice of award until November 20, 2020, and the motion for attorney's fees under § 406(b) was filed within fourteen days of receipt, it was filed

---

[6] District courts in this circuit have used their discretion to find motions timely even when they have been filed more than fourteen days after the award of benefits. *Compare Daigle v. Social Sec. Admin.*, No. CIV.A. 06-2393, 2010 WL 3522389, at 1-3 (W.D. La. Aug 31, 2010) (attorney's fees motion was timely when filed over four months after the Commissioner issued a favorable decision) and *Foster*, 2011 WL 4479087, at *2 (motion was timely when filed four months after the Commissioner issued a favorable decision), with *Taharah v. Astrue*, No. CIV.A. 4:06-3801, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (motion was untimely when filed a year after the notice of award).

4

within a reasonable time. *See Pierce*, 440 F.3d at 664; *Cromeens*, 2020 WL 7345676, at *3.

**B.    <u>Reasonableness</u>**

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[7] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that it is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under § 406(b). *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Id.* at 808 (citations and quotations omitted). Courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to be considered in determining whether a fee award is unearned, but it has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage

---

[7]This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted).

of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17. The award under § 406(b) will be offset by any EAJA fees awarded.[8] *Id.* at 796; *accord Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) ("Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but . . . must refun[d] to the claimant the amount of the smaller fee.") (citations and quotations omitted).

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted by* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted by* 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 17.)

Counsel's resulting hourly rate of $480.76[9] falls well below amounts that have been approved by courts as reasonable. *See, e.g., Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not

---

[8] The EAJA authorizes an award against the Government for reasonable fees in "civil action[s]." *See* 28 U.S.C. §§ 2412(d)(1)(A) and (2)(A).

[9] Counsel's hourly rate was determined by first deducting $308.75 in paralegal expenses (3.25 paralegal hours at $95.00 per hour) from the amount sought of $17,808.50, and then dividing the balance ($17,499.75) by the 36.4 hours of attorney work devoted to the appeal of this case. (*See* doc. 29 at 6.)

constitute an unearned windfall but fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 36 hours reviewing the evidence and drafting a 22-page summary judgment brief and an 8-page reply brief. (*See* docs. 22, 24, 29 at 6.) Given the multiple denials at the administrative level, the attorney's success in both the appeal and subsequent administrative hearing appears to be attributable to his own work. The contingency fee requested in this case represents exactly 25 percent of the past-due benefits awarded to Plaintiff. (*See* docs. 34 at 1, 5-6; 34-1 at 3.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. (doc. 34-2); *see Jeter*, 622 F.3d at 381-82; *see also Brannen*, 2004 WL 1737443, at *6 ("When, as here, the agreement calls for a fee of twenty-five percent of past-due benefits—*the same percentage allowed by statute*—the fee contemplated by the agreement, if not presumptively reasonable, is at least a forceful starting point and solid benchmark." (emphasis original)).

Based on the relevant factors, the requested contingency fee award in the amount of $17,808.40 is reasonable.

### III. CONCLUSION

Plaintiff's motion is **GRANTED**, and his counsel is awarded $17,808.40 in attorney's fees out

7

of Plaintiff's past-due benefits under 42 U.S.C. § 406(b).[10]

    **SO ORDERED** on this 19th day of April, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[10] As noted, Plaintiff's counsel was previously awarded EAJA fees. (*See* doc. 33.) He is therefore required to "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. He represents that he will properly reimburse the $7,657.33 that he received under EAJA. (*See* doc. 34 at 5-6.)